ELMER PARSONS, JR. *v.* STATE OF INDIANA.

[No. 1-275A29. Filed September 25, 1975.]

*Mark Penden, Foley, Foley, & Peden,* of Martinsville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

ROBERTSON, C.J.—Defendant-appellant, Parsons, appealing his convictions of driving under the influence of liquor, reckless driving, and driving a motor vehicle while his license was suspended, presents four issues for review:

(1) Was there sufficient independent evidence to establish the corpus delicti for the purpose of admitting into evidence Parsons' out-of-court admission?

(2) Was Parsons' admission voluntarily given in light of his intoxicated condition?

(3) Was Parsons' admission inadmissible due to the failure of the police to give Miranda warnings prior to his statement?

(4) Did the trial court err in denying Parsons' wife the opportunity to rehabilitate her contradicted testimony?

Finding no error, we affirm the conviction.

The record reveals the following facts favorable to the State: At approximately 11:45 P.M. on May 26, 1973, State Trooper General Connors received a call to investigate an accident on the Old Slaughterhouse Road in Morgan County, Indiana. Upon his arrival Connors found an automobile sitting at an angle across the travelled portion of the highway with skid marks extending from immediately behind the car to a point approximately one hundred feet down the road. The skid marks began on the left side of the road and ran to the right side where the car had come to rest. The car door on the driver's side was open and a distinct odor of alcohol was present. Parsons, also smelling of alcohol, was

observed staggering in front of the car. Connors approached Parsons, and upon inquiry, Parsons admitted he had been driving the car. No other persons were present at the scene.

Trooper Connors performed dexterity tests on Parsons and, based thereon, believed that Parsons was intoxicated. Parsons was administered a breathalyzer test and his blood was found to contain .30 per cent of blood alcohol.[1]

Parsons was charged with driving under the influence,[2] reckless driving,[3] and driving a motor vehicle while his license was suspended.[4] Upon conviction of each count, he was sentenced to ninety days confinement at the Indiana State Farm and fined $100.00 on each of the three counts. Parsons appeals those convictions.

The first three issues raised upon appeal concern the introduction into evidence of Parsons' admission to Trooper Connors that he had driven the automobile.

Parsons first contends that his out-of-court admission was improperly admitted because the State failed to introduce sufficient independent evidence to establish the corpus delicti.

The reason for requiring evidence of a crime independent of a defendant's extrajudicial confession is to avoid the risk of convicting a defendant for a crime to which he confessed, but which never in fact occurred. *Cambron* v. *State* (1975), 262 Ind. 660, 322 N.E.2d 712; *Parker* v. *State* (1949), 228 Ind. 1, 88 N.E.2d 556.

We take note of the fact that Parsons' statement, as testified to by Trooper Connors, is not a confession but rather an admission. A confession must include all essential elements of the crime, whereas an admission merely admits some fact which tends to connect the de-

---

1. .10% or more, by weight of alcohol in the defendant's blood, is prima facie evidence of intoxication. IC 1971, 9-4-1-56 (Burns Code Ed.).
2. IC 1971, 9-4-1-54(b) (Burns Code Ed.).
3. IC 1971, 9-4-1-54(c) (Burns Code Ed.).
4. IC 1971, 9-4-5-1 (Burns Code Ed.).

fendant with the alleged offense. *Green* v. *State* (1973), 159 Ind. App. 68, 304 N.E.2d 845. Parsons' statement that he was the driver of the automobile did not embrace all of the elements of the alleged offenses and, thus, was only an admission. However, the distinction is immaterial to issues of corpus delicti since our case law applies the corpus delicti requirement to the introduction of admissions as well as confessions. *Watts* v. *State* (1950), 229 Ind. 80, 95 N.E.2d 570; *Patton* v. *State* (1962), 242 Ind. 477, 179 N.E.2d 867; *See also: Green* v. *State, supra.*

Indiana case law has consistently held that a defendant's out-of-court admission or confession is not properly admitted unless there is independent proof of the corpus delicti, in that, the evidence aside from the admission or confession establishes that the specific crime charged was committed by someone. *Jackson* v. *State* (1970), 255 Ind. 289, 263 N.E.2d 649; *Jones* v. *State* (1969), 253 Ind. 235, 252 N.E.2d 572.

In the present case, the evidence presented independent of defendant's out-of-court admission went far beyond the above requirement. The evidence presented independent of and separate from the admission to Trooper Connors establishes not only that someone committed the crimes charged, but was sufficient in itself to sustain the conviction of Parsons on each of those charges.

The independent evidence shows that Parsons was found in close proximity to his automobile and no one else was present. This would support an inference that Parsons had been driving the car, independent of his admission to that fact. Moreover, the breathalyzer test showed that Parsons was intoxicated, independent evidence showed that his license was suspended, and the testimony of Trooper Connors that skidmarks extended more than one-hundred feet originating on the wrong side of the road would support a finding of reckless driving.

Thus, there was sufficient independent evidence establishing the corpus delicti to allow the State's introduction of Parsons' admission.

Parsons secondly contends that his state of intoxication rendered his statement inadmissible because it was not voluntarily given.

However, it is only when the accused is so intoxicated that he is unconscious as to what he is saying that his confession will be deemed to be involuntary and, therefore, inadmissible. Intoxication of a lesser degree goes only to the weight to be given to the statement and not its inadmissibility. *Eiffe* v. *State* (1948), 226 Ind. 57, 77 N.E.2d 750. In the present case, the State produced evidence that Parsons understood the questions and was able to respond to them. Parsons' admission was not involuntary.

Parsons next contends that his admission was improperly admitted because the police failed to inform him of his rights as required by *Miranda* v. *Arizona,* 384 U.S. 436 (1966).

However, *Miranda* warnings are required only in custodial interrogations. *Ray* v. *State* (1973), 155 Ind. App. 136, 291 N.E.2d 562. Since Parsons was not in custody at the time he admitted to driving the automobile, the police were under no duty to give Miranda warnings and their failure to do so did not render his statement inadmissible.

Parsons finally contends that the trial court erred in denying his wife the opportunity to rehabilitate her contradicted testimony.

The wife testified that prior to the accident they had been at a drive-in theatre in Martinsville. The evidence was uncontroverted that Parsons was drinking heavily at the drive-in but that his wife had consumed no alcohol. She testified that she had driven to the drive-in and was driving on the way home. On direct-examination and again on cross-examination,

the wife testified that the movie playing on that particular evening was "The Graduate". The State produced the owner of the drive-in and his records which revealed that the attraction of May 26, 1973, was not "The Graduate" but "Snowball Express" and "The Million Dollar Duck".

The defense then attempted to put the wife back on the stand to explain that she had seen "The Graduate" on a previous occasion, but had also seen "The Million Dollar Duck" on the night in question. In her offer to prove, she related the details of the movie to prove that she had in fact seen that film on that particular night.

Whether a witness may be recalled to explain or correct his previous testimony is a matter within the sound discretion of the trial court. *Zimmerman* v. *State* (1921), 190 Ind. 537, 130 N.E. 235. In the present case, it has not been shown that the trial court abused its discretion in this matter, especially in light of the collateral nature of the testimony offered.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 333 N.E.2d 871.