KENNETH BEAN *v.* STATE OF INDIANA.

[No. 1076S330.  Filed January 25, 1978.
Rehearing denied March 17, 1978.]

*Harriette Bailey Conn, (Mrs.),* Public Defender of Indiana, *Bobby Jay Small, David P. Freund, Lawrence D. Giddings,* Deputy Public Defenders, for appellant.

*Theodore L. Sendak,* Attorney General, *David L. Steiner,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Kenneth Bean, was convicted on four counts of felony murder, armed robbery, kidnapping and first-degree murder. He was sentenced to life imprisonment on Counts III and IV, and to ten years on Count II. Sentence was withheld on Count I. He now appeals and raises the following issues:

1.   Whether the trial court erred in admitting into evidence the defendant's incriminating statements;

2.   Whether the trial court correctly sentenced the defendant on the premeditated murder count while also entering judgment on the felony murder count;

3.   Whether the trial court correctly entered judgment on the felony murder count while also entering judgment and sentencing on the armed robbery count;

4.   Whether the trial court correctly admitted an autopsy report into evidence;

5.   Whether the trial court correctly refused to allow the defendant to testify to out-of-court statements made to him by an accomplice;

6. Whether the trial court correctly refused defendant's motion for mistrial; and

7. Whether the element of specific intent was sufficiently proved by the state.

The events of the night of the crime can be summarized from the record.

Walter Ferrill, Jr. was employed as an attendant at the White Flash Service Station in McCordsville, Indiana. Early one evening a black man came into the service station and pointed a gun at Ferrill and Ferrill's brother-in-law, Grover Lisenby. The black man robbed them of about $60 and then forced them to walk down the highway away from the service station and into a field. Grover Lisenby was shot four times and killed. Ferrill pretended to be shot and then was able to escape and bring help. Ferrill identified the defendant as the black man who had robbed, kidnapped and shot at him.

## I.

The defendant first contends that he did not make an intelligent and knowing waiver of his constitutional rights because he was too intoxicated by liquor and drugs to understand what was happening when he made certain incriminating statements to the police. These statements were admitted into evidence at the trial after the trial court held a preliminary hearing to determine their voluntariness.

It is true that there was some conflicting testimony as to the degree of the defendant's intoxication. The defendant claimed he had been drinking beer and whisky and smoking marijuana. His blood alcohol count was taken about four hours after the crime and was found to be .125.

However, all three police officers who talked with the defendant that evening testified that his statements were clear and coherent. The victim indicated that the defendant's actions and statements were direct and relevant. His threats were clear and to the point. The record indicates that the

defendant was alert and knew what was going on at the time of his arrest.

The defendant was advised of his constitutional rights and signed a formal waiver form before he made the incriminating statements. He made the statements shortly after his arrest while he was being held in the Hancock County jail. He does not contend that there was any coercion, threats or improper influence used on him by the police. He simply contends he was too intoxicated at that time to intelligently and knowingly waive his rights and make a voluntary admission.

This Court has summarized the standards to be used in determining whether statements or waivers are voluntarily given in *Ortiz* v. *State,* (1976) 265 Ind. 549, 356 N.E.2d 1188.

> "In determining whether a statement was voluntarily given, we look to all the circumstances surrounding its giving to determine whether it was 'induced by any violence, threats, promises, or other improper influence.' *Montes* v. *State,* (1975) [263] Ind. [390], 332 N.E.2d 786, 792. *The same test determines whether a waiver of the* Miranda *rights has occurred."*

356 N.E.2d 1188, 1191 [emphasis added].

> This state has long held that voluntary intoxication does not destroy the voluntariness of a confession. In *Parsons* v. *State,* (1975) 166 Ind. App. 152, 333 N.E. 2d 871, the Court of Appeals said:

> "[I]t is only when the accused is so intoxicated that he is unconscious as to what he is saying that his confession will be deemed to be involuntary and, therefore, inadmissible. Intoxication of a lesser degree goes only to the weight to be given to the statement and not its admissibility."

333 N.E.2d 871, 873.

In reviewing the trial court's decision on the voluntariness of a statement or waiver, we do not weigh the evidence, but determine whether there is sufficient evidence to support the trial court's concluding beyond a reasonable doubt that the waiver and statement were

voluntary. In the instant case the police officers and the victim all testified that the defendant spoke and acted in a clear and coherent manner. The record demonstrates that there was sufficient evidence to support the trial court's finding that defendant understood the rights as read to and by him and that the waiver and statement were voluntary.

## II.

The defendant next contends that the trial court erred in entering judgment and sentencing on the premeditated murder count while also entering judgment on the felony murder count. It is clearly established that a person may not be twice punished for a single offense arising from one set of operative circumstances. *Thompson* v. *State,* (1973) 259 Ind. 587, 290 N.E.2d 724.

In the case at bar, there was only one murder. The defendant cannot be punished twice for one murder. Under *Thompson, supra,* entry of judgment and a suspended sentence was held to be a punishment, in and of itself. In the instant case, the court entered judgment on Count I, felony murder, but withheld sentence on this count. The court also entered judgment on Count IV, first-degree murder, and gave a sentence of life imprisonment on this count.

Although the state argues that an entry of judgment and withheld sentence cannot be deemed a punishment, we feel the rule of *Thompson, supra,* applies equally to withheld or suspended sentences. Therefore, the entry of judgment on Count I, felony murder, must be vacated.

## III.

The defendant next contends that the trial court erred in entering judgment on both the felony murder charge and the armed robbery charge because armed robbery is a lesser included offense of felony murder. Our law prohibits entry of judgment and sentencing on both

the greater offense and a necessarily lesser included offense. Ind. Code § 35-4.1-4-6 (d) (Burns 1975); *Thomas* v. *State,* (1976) 264 Ind. 581, 348 N.E.2d 4; *Lindsey* v. *State,* (1976) 264 Ind. 198, 341 N.E.2d 505; and *Thompson, supra.*

The state contends that robbery while armed is not a lesser included offense of felony murder and that felony murder has lesser included offenses only in limited and particular circumstances. *Hester* v. *State,* (1974) 262 Ind. 284, 315 N.E.2d 351.

Since we have already ordered the entry of judgment on the felony murder count to be vacated under issue 2, above, we do not have to consider the issue of lesser included offenses of felony murder. The judgment on armed robbery is allowed to stand since the entry of judgment on felony murder is vacated.

## IV.

An autopsy was performed on the body of Grover Lisenby by a Dr. Esparza in the presence of Sergeant Alspach and Dr. Counter, the coroner of Hancock County. Through Sergeant Alspach the autopsy report was admitted into evidence. The defendant objected to the admission of the report on the basis that it was hearsay, since Dr. Esparza was deceased and could not be called for cross-examination. The court admitted the report under the "business records" exception to the hearsay rule.

Under Indiana law, a public record properly authenticated or certified by the keeper of such records is admissible into evidence as an exception to the hearsay rule. Ind. Code § 34-1-17-7 (Burns 1973), *Wright* v. *State,* (1977) 266 Ind. 327, 363 N.E.2d 1221. In similar cases where the physician who conducted the autopsy was unavailable, it was held sufficient if the chief deputy coroner of the county who was the keeper of documents in the coroner's office was called to identify the report in question. *Wright, supra.* In the instant case, no one from the Marion County Coroner's office testified.

However, even if the autopsy report was erroneously admitted, it is the responsibility of an appellant to affirmatively show that the error complained of was prejudicial to his cause. *Turner* v. *State*, (1972) 259 Ind. 344, 287 N.E.2d 339. The only prejudice the defendant alleges is that the report states the cause of death. The record reveals that this report was only cumulative as to the cause of death. Dr. Counter, the Hancock County Coroner, was present at the autopsy and testified to the cause of death. It is proper for an expert to give an opinion based upon an autopsy report prepared by another. *Morris* v. *State*, (1977) 266 Ind. 473, 364 N.E.2d 132; *Wright, supra.* Here, Dr. Counter was testifying both from the report and from firsthand knowledge. The police officer who attended the autopsy also testified to the cause of death. He was an experienced officer who had attended nearly fifty autopsies. He took photographs of the wounds on the victim's body and these photographs were admitted into evidence. Under these circumstances, there was no prejudicial error in the admission of the autopsy report.

## V.

The defendant next contends that the trial court erred in not admitting certain testimony of the defendant when he was testifying as to what an accomplice had told him.

During the trial, the defendant testified as to his version of the events just prior to the robbery and murder. He testified to riding around in a car with two friends and discussing plans for the robbery. He attempted to testify as to what one of his friends said. There were several objections sustained during this testimony on the basis that it was hearsay. The defendant contends that this testimony was erroneously excluded because it was not offered to prove the truth of the matter asserted. It is a well established legal principle in this state that if an out-of-court statement is offered into evidence only as proof of making the statement and not as proof of the mat-

ter asserted therein, the testimony as to the out-of-court declaration is not barred by the hearsay rule. *Nuss* v. *State*, (1975) 164 Ind. App. 396, 328 N.E.2d 747. In the instant case, the out-of-court statements involved plans for the robbery. The defendant alleges they were only offered to show that he acted as a result of what was said and not to prove the truth of the matters asserted therein.

However, the defendant has the burden of showing that the error complained of was prejudicial. *Turner, supra.* One of the victims testified as to the guilt of the defendant on all the elements of the crime. From the record it does not appear that the testimony about what the accomplice said would have added significantly to the defendant's case. Therefore the exclusion of this testimony was harmless error.

## VI.

During the direct testimony of the state's witness, Ferrill, the prosecutor asked the following question:

> Q. "Okay, let me ask you something. When you were walking down road 67 . . . uh . . . were you in fear of your life?"
> A. "I was."

The defendant objected and requested a mistrial on the basis that this was a leading and suggestive question. After hearing argument from counsel, the trial court overruled defendant's motion for mistrial and admonished the prosecutor to refrain from the use of leading questions. The court also admonished the jury to disregard the question and answer.

It is well established that the decision whether or not to grant a mistrial is in the sound discretion of the trial court. *Pulliam* v. *State*, (1976) 264 Ind. 381, 345 N.E.2d 229. The jury here was properly admonished to disregard what happened and under such circumstances reversible error will not normally be found. *Ballard* v. *State*, (1974) 262 Ind. 482, 318 N.E.2d 798. Only when

the defendant can demonstrate that he was placed in a position of grave peril by the prejudicial events will the reviewing court reverse the decision as to the motion of mistrial. *Warner* v. *State*, (1976) 265 Ind. 262, 354 N.E.2d 178.

In the instant case, the robbery element of fear had already been demonstrated from the use of a handgun. *Gregory* v. *State*, (1975) 164 Ind. App. 659, 330 N.E.2d 130. The defendant was not put in grave peril by the leading question going to the element of fear. There was no abuse of discretion in the trial court's refusing to grant defendant's motion for mistrial.

## VII.

The defendant alleges that there is insufficient evidence to establish the specific intent element in each of the four counts charged. He claims that the evidence shows that he was too intoxicated to properly appreciate what he was doing.

In reviewing sufficiency of the evidence, this Court will not weigh the evidence nor determine the credibility of witnesses. *Henderson* v. *State*, (1976) 264 Ind. 334, 343 N.E.2d 776.

As discussed under issue 1, there was evidence that the defendant's blood alcohol content was .125 on the evening of the crime. The law concerning voluntary intoxication as a defense has been set out by this Court in *Emler* v. *State*, (1972) 259 Ind. 241, 286 N.E.2d 408:

"Normally voluntary intoxication is not a defense in a criminal proceeding. In order for intoxication to relieve appellant from responsibility the crime charged must have involved specific intent and he must have been so intoxicated as to be incapable of entertaining the required specific intent."

259 Ind. 246, 286 N.E.2d 412.

Also, this Court has held that the existence of specific intent is a question of fact to be determined by the trier thereof. *Stout* v. *State*, (1974) 262 Ind. 538, 319 N.E.2d 123.

542 538

The evidence most favorable to the verdict reveals no mental incapacity of the defendant during the commission of the crimes. The victim and police officers at the scene all testified that the defendant was clear, coherent, and alert at the time of the crime and at the time of the arrest. The defendant was not staggering and was able to clearly answer questions and obey commands.

Since there is no absolute correlation between blood alcohol concentration and the lack of mental capacity to form a specific intent, the circumstances of each case must be considered by the trier of fact.

Assuming the jury found some degree of intoxication, they could reasonably infer under the circumstances of this case that this did not affect the defendant's judgmental ability to control his acts nor prevent him from forming the required specific intent.

For all the foregoing reasons, this cause should be remanded with instructions for the trial court to vacate entry of judgment on Count 1, felony murder. The judgment of the trial court on all other issues should be affirmed.

Judgment remanded with instructions.

Givan, C.J., DeBruler, and Pivarnik, JJ., concur; Prentice, J., not participating.

NOTE.—Reported at 371 N.E.2d 713.