Harry WHORTON, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 2–280A49.

Court of Appeals of Indiana,
First District.

Nov. 25, 1980.

Arnold Paul Baratz, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Harry Whorton was convicted of promoting prostitution, Ind.Code 35–45–4–4(3) (Supp.1980),[1] following a trial by jury, and he appeals. We affirm.

## STATEMENT OF THE FACTS

The evidence most favorable to State reveals the following. On November 5, 1978, Whorton was working as a night manager at the Station Hotel in Indianapolis. At 11:30 that evening, Indianapolis Police Officer Gregory T. Henkel registered at the hotel under the name Don Cunningham. Officer Henkel was assigned to the vice squad and was investigating reports of prostitution at the hotel. He was registered by Whorton.

Officer Henkel asked Whorton whether a lady named Kathy was at the hotel. Whorton responded that she might be. Whorton accompanied Officer Henkel to a room on the third floor of the hotel. Officer Henkel asked if a woman was available, to which Whorton replied it was possible, and left. Ten minutes later, Kathy Perry came to the room. Officer Henkel and Perry chatted and Perry asked him how much money he had. He replied that he had twenty or thirty dollars. She asked him what he liked; he told her he liked everything. She said she was good at everything and asked if he had more money; he said he did not. Perry left the room.

Ten minutes later Whorton returned to the room and asked Officer Henkel what the problem was. Whorton added, "The lady said you don't have enough money." Officer Henkel showed Whorton thirty–seven dollars. Whorton said "okay" and left the room.

In five minutes Perry returned to the room and told Officer Henkel she would have intercourse with him. Officer Henkel

---

1. Ind.Code 35–45–4–4 (Supp.1980) states in part:

 "A person who:

 * * * * * *

 (3) having control over the use of a place, knowingly or intentionally permits another person to use the place for prostitution; ... commits promoting prostitution, a Class C felony."

gave her the money. Perry disrobed and unzipped Officer Henkel's trousers. She then led Officer Henkel by his penis toward the bathroom. At that time, Officer Henkel removed his police badge from his underclothing and announced to Perry that she was under arrest.

Officer Henkel directed Perry to dress and accompanied her into the hallway. As they walked past the elevator, Perry depressed the button to summon the elevator. It arrived, carrying Whorton and another man. The quartet went down to the lobby, whereupon Officer Henkel summoned more police and arrested Whorton.

### ISSUES

Whorton raises three issues for review essentially as follows:

I. Whether the trial court erred in admitting alleged hearsay evidence;

II. Whether the trial court erred in overruling Whorton's motion for judgment of acquittal since the evidence demonstrated entrapment and State allegedly failed to prove predisposition beyond a reasonable doubt;

III. Whether the evidence was sufficient to support the verdict.

*Issue I.*

Whorton contends that the trial court erred in allowing Officer Henkel to testify regarding his conversations with Perry in the hotel room. It was during these conversations that the illicit bargain was struck. Whorton argues that the evidence was hearsay and did not fall within any of the recognized exceptions to the hearsay rule. Perry did not appear at the trial. The prosecution contended at trial, and State maintains the position on appeal, that evidence of the conversations falls within the res gestae exception to the hearsay rule and was properly admitted.

We do not think that the testimony regarding Whorton's conversations with Perry constituted hearsay. Our Supreme Court has stated that,

"Hearsay evidence is testimony by a witness in court relative to an extra judicial declaration by another which is offered to prove the truth of the facts asserted by the declarant. The value of the witness' statement rests on the credibility of the declarant who is not in court available for cross examination. *Jethroe v. State*, (1974) 262 Ind. 505, 319 N.E.2d 133; *Harvey v. State*, (1971) 256 Ind. 473, 269 N.E.2d 759."

*Roberts v. State*, (1978) 268 Ind. 348, 353, 375 N.E.2d 215.

■ The parties evidently fail to recognize the distinction between evidence of an out-of-court statement offered to prove the truth of the facts asserted therein by the declarant, and evidence of an out-of-court statement offered to prove that the statement was made. The former is hearsay, and is inadmissible upon objection unless it falls within a recognized exception to the hearsay rule. The latter is not hearsay. In *Roberts v. State, supra*, an employee of a service station testified as to a conversation he had with a customer in which the latter asked directions to the street where the victims of the crime lived. The Supreme Court found this not to be hearsay since the testimony was offered to show that the questions were asked, not to prove the facts asserted in the conversation.

"It is a well established legal principle in this state that if an out-of-court statement is offered into evidence only as proof of making the statement and not as proof of the matter asserted therein, the testimony as to the out-of-court declaration is not barred by the hearsay rule."

*Bean v. State*, (1978) 267 Ind. 528, 535–36, 371 N.E.2d 713. The disputed evidence in *Bean, supra*, involved a conversation in which plans for a robbery were discussed, which was not hearsay when offered to show the fact that the conversation occurred.

The testimony alleged to be hearsay in the instant case was offered to show that Perry bargained with Officer Henkel to perform an act of prostitution. It was not offered for the purpose of proving that

anything she said was true.[2] The objection was properly overruled.

*Issue II.*

At the close of all the evidence Whorton moved for a judgment of acquittal, which was denied. Whorton argues that the evidence demonstrated he was entrapped by Officer Henkel and that State failed to sustain its burden of negating the entrapment defense beyond a reasonable doubt.[3] We disagree.

We have recently reviewed the issue concerning the burden of proof in entrapment cases. *Silva v. State*, 410 N.E.2d 1342 (Ind. App.1980). Whorton is correct in stating that once the entrapment issue was raised, State had the burden of proving beyond a reasonable doubt that he was predisposed to commit the offense. Whorton's protestations notwithstanding, however, the record contains sufficient evidence to support the finding that Whorton was predisposed to commit the offense of promoting prostitution.

We think that Officer Henkel's actions merely offered Whorton an opportunity to commit the offense and did not constitute entrapment. Ind. Code 35–41–3–9(b). Evidence of events occurring at the time of, or after the initial contact by the officer with the accused, or occurring at the time of the commission of the offense, is admissible to show predisposition. *Beach v. State*, 411 N.E.2d 363 (Ind.App.1980). *See also Price v. State*, (1979) Ind.App., 397 N.E.2d 1043.

Officer Henkel testified that he did no more than inquire as to the presence of Kathy and the availability of a woman. The jury could properly have inferred that Perry's appearance in the room shortly afterwards may have been attributed to Whorton. Further, the evidence showed that after Perry left the room the first time, Whorton appeared within minutes to find out what the trouble was and stated, "The lady said you don't have enough money." Officer Henkel showed Whorton thirty–seven dollars, and Whorton said, "okay." A reasonable jury could infer from this evidence that Whorton not only knew Perry was engaging in an act of prostitution,[4] he actively participated in the negotiation of the price. This series of events, which was set in motion by Officer Henkel's mere inquiry of Kathy's presence at the hotel, is sufficient evidence of probative value to show beyond a reasonable doubt Whorton's predisposition to commit the offense.[5]

*Issue III.*

Finally, Whorton questions the sufficiency of the evidence to support the verdict.

When reviewing the sufficiency of evidence, this court considers only the evidence most favorable to State along with all reasonable inferences to be drawn therefrom in order to determine whether there is sufficient evidence of probative value from which a reasonable trier of fact could have found the existence of each element of the crime beyond a reasonable doubt. We neither weigh the evidence nor determine the

---

2. Indeed, the only declarative statement made by Perry in these conversations, according to Officer Henkel's testimony, was that she was "good at everything." The quality of Perry's services is an issue with which we are manifestly not concerned.

3. The defense of entrapment is codified in Ind. Code 35–41–3–9 (Supp.1980), which states:
 "(a) It is a defense that:
 (1) the prohibited conduct of the person was the product of a law enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and
 (2) the person was not predisposed to commit the offense.

 (b) Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment."

4. The offense of prostitution includes the act of offering or agreeing to perform sexual intercourse or deviate sexual conduct. *See* Ind. Code 35–45–4–2 (Supp.1980).

5. We note a distinction between a situation where an officer provides an opportunity for the defendant to commit a crime, and where the officer provides an opportunity for the defendant to reveal a crime in process or already committed. The latter is not an entrapment situation.

credibility of witnesses. *Perkins v. State*, (1979) Ind.App., 392 N.E.2d 490.

 The elements of promoting prostitution under Ind.Code 35–45–4–4(3) are three:

(1) knowingly or intentionally;

(2) permitting a person to use a place for prostitution;

(3) and the use of the place is under the control of the offender.

 Whorton first complains that there is insufficient evidence to prove beyond a reasonable doubt that he had control over the use of the hotel. The evidence, and the reasonable inferences therefrom, belie this contention. It is true that the degree of control necessary to impose culpability is not defined by the statute and has not been elucidated by the courts. We think, however, that as night manager (the title assumed by Whorton according to Officer Henkel) with control over the processes of guest registration and the assignment of rooms, Whorton had the requisite control over the hotel. This view is in accord with The Indiana Criminal Law Commission Comment to West's AIC § 35–45–4–4(3) where it is stated, "This fixes the liability on any person who exercises the control over the place, regardless of the source of his power. He may be an owner, or the manager, operator or anybody, as long as he has the control over the place."

 Whorton claims that there is no evidence to support the finding that he knew Perry was a prostitute and that she performed or offered to perform prostitution. Knowledge is a mental state and the trier of fact may examine the circumstances to reasonably infer its existence. *Perkins, supra*. We think that the evidence, particularly Whorton's second trip to Officer Henkel's room at which time the fee was discussed, clearly could lead a reasonable jury to infer that Whorton knew of Perry's act of prostitution.

Finding no error, we affirm the judgment of the trial court.

Affirmed.

ROBERTSON, P. J., and RATLIFF, J., concur.