**Anthony Tyrone ROBINSON, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 484S115.

Supreme Court of Indiana.

May 10, 1985.

Michael L. Rogers, Rogers & Dove, North Vernon, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

██ The defendant, Anthony Tyrone Robinson, pleaded guilty to intentional murder, Ind.Code § 35–42–1–1(1) (Burns 1985 Repl.), and felony murder, Ind.Code § 35–42–1–1(2) (Burns 1985 Repl.), and was sentenced to a term of imprisonment of forty years. In this direct appeal he correctly argues, and the state concedes, that his convictions for both murder and felony murder constitutes double punishment because the charges resulted from just one homicide. *See Sandlin v. State* (1984), Ind., 461 N.E.2d 1116; *see also Bean v. State* (1978), 267 Ind. 528, 371 N.E.2d 713. The defendant is correct that the cause should be remanded with instructions to vacate the judgment of conviction of one of the two counts. *Id.*

██ We do not agree, however, that the *sentence* was erroneous and should be corrected. The court sentenced the defendant to forty years, the presumptive term of imprisonment for murder. Ind.Code § 35–50–2–3 (Burns 1985 Repl.). The defendant argues that because the court *convicted* him of both offenses the sentence imposed can be construed only as representing two consecutive forty-year sentences or, alternatively, forty years on one count with judgment withheld or sentence suspended on the other. He claims that, therefore, he was unconstitutionally sentenced for two murders.

Nothing in the record supports the defendant's proposed interpretation of the sentence. Instead, the record reflects the

court's acknowledgment that the defendant could not be sentenced on both counts. At the guilty plea hearing, it stated:

"It is the Court's understanding, having consulted with both the State of Indiana and the Defendant that there is no possibility of consecutive sentencing in this matter, and therefore ... and that the Court only has the power pursuant to ... Supreme Court of Indiana to sentence you ... with regard to one of these counts of murder in that there was one victim of the crime."

The sentence imposed was proper.

The cause is remanded with instructions to the trial court to vacate the guilty plea and the judgment of conviction on one of the two counts of murder.

In all other things, the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.