Steven SMITH, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 49S00–9401–CR–7.

Supreme Court of Indiana.

July 5, 1996.

M.E. Tuke, William L. Soards, Indianapolis, for Appellant.

Pamela Carter, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

Appellant Steven Smith appeals his convictions for murder, Ind.Code Ann. § 35–42–1–1 (West Supp.1995), and robbery, a class A felony, Ind.Code Ann. § 35–42–5–1 (West 1986). The trial court imposed a sentence of sixty years for murder and a consecutive sentence of twenty years for robbery, enhanced by thirty years for an habitual offender finding. We affirm.

The evidence at trial showed that David Church had planned to go fishing with his father Kenneth Church on a Sunday. When Kenneth Church did not respond to telephone calls on either Sunday or Monday, David Church and a friend proceeded to Kenneth's home. They discovered the door wide open, smelled the odor of gas as they entered, and found the elder Church lying dead in a large pool of blood in the kitchen. Property was missing from the residence, including the victim's wallet.

A pathologist eventually determined that Church had died from multiple wounds in his head, neck, and chest inflicted with a flathead screwdriver. The police investigation identified a bloody palm-print on the kitchen wall, later determined to be that of Steven Smith. Smith's palm-print was also found on the victim's blue jeans and on an

identification card in the victim's wallet, an item supplied to police sometime after the crime by one Leroy Lovelace. Questioned by the police, Smith said he had been with Church the night before his death, drinking beer.

Smith contends that the evidence was not sufficient to support the conviction because the State merely proved his presence at the scene of the crime. The pathologist concluded that Smith had the victim's blood on his hand when he left the palm-print on the wall and on the body. Counsel observes that the pathologist's testimony may demonstrate that Smith made these prints while committing the crime, but argues that Smith may also have made them after the crime was committed by someone else. It was the jury's task, of course, to weigh the inferences that could be drawn from the evidence. We conclude that the jury could reasonably have found that Smith left his prints while committing the murder and that the evidence was sufficient to support the convictions.

 Smith also contends that the trial court erred by giving an instruction on accomplice liability, saying the evidence did not support such a theory and the State had presented its case on the basis that Smith was the killer. In response to Smith's objection at trial, the prosecutor noted that the defense had elicited testimony about a candle found in the home with a fingerprint that did not match Smith's fingerprints. The suggestion seemed to be that some other person had planned to use the candle and the gas flowing from a disconnected gas pipe to cause a fire or explosion and cover up the evidence of the crime. The trial court overruled Smith's objection to the instruction.

Instructing the jury is a matter assigned to the sound discretion of the trial court, and we review a trial court's decisions only for an abuse of discretion. *Tanner v. State,* 471 N.E.2d 665 (Ind.1984). While we think the evidence of another perpetrator here was probably too slim to support an instruction on accomplice liability, we are satisfied that the instruction did not deprive Smith of his substantial rights and that reversal is not warranted. *Fleener v. State,* 656 N.E.2d 1140 (Ind.1995).

Finally, Smith challenges the admission of the statement he gave to the police about having been present in the victim's home and car the night before the murder. He claims that the statement was hearsay. In response to the State's argument that admissions by an opponent are admissible as an exception to the hearsay rule, *see Parsons v. State,* 166 Ind.App. 152, 333 N.E.2d 871 (1975), Smith says that the statement was not an admission because it was not contrary to the position he took at trial. That being so, of course, Smith suffered no disadvantage from admission of the statement and its admission is not a grounds for reversal.

Accordingly, we affirm the judgment of the trial court.

DeBRULER, DICKSON, SULLIVAN and SELBY, JJ., concur.