**Mark DUNCAN, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 82S00–9812–CR–820.**

Supreme Court of Indiana.

Sept. 22, 2000.

Steven L. Bohleber, Evansville, Indiana, Attorney for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

SHEPARD, Chief Justice.

The appellant Mark Duncan was convicted by jury of murder, felony murder, robbery, and auto theft, following the death of Steven Glaser. The trial court sentenced Duncan to a total of seventy-three years on the murder and robbery counts.

Duncan presents three issues in this direct appeal:

I.     Was there sufficient evidence to support the convictions for murder and robbery?

II.    Did the trial court properly admit photographs depicting the victim's injuries?

III. Did the court violate Duncan's right against double jeopardy by convicting and sentencing him on murder and robbery?

## I. Sufficiency of the Evidence

Duncan claims that there is insufficient evidence to support his convictions for murder and robbery.

■ In reviewing a sufficiency claim, we do not reweigh the evidence or assess the credibility of the witnesses. Instead, "we look to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm the convictions if there is sufficient probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Bonds v. State,* 721 N.E.2d 1238, 1241–42 (Ind.1999).

To convict Duncan of murder, the State was required to prove beyond a reasonable doubt that Duncan knowingly or intentionally killed Steven Glaser. Ind.Code Ann. § 35–42–1–1 (West Supp.1999).

■ The evidence most favorable to the verdict reveals that Duncan was involved in a romantic relationship with Sonya Hulfachor, his co-defendant at trial. Hulfachor had previously been involved romantically with Glaser. On October 8, 1997, Hulfachor called Glaser in Indianapolis and asked him to meet her in Evansville. That evening, she met him outside a bar in Evansville. They drove around in Glaser's truck for several hours smoking crack cocaine and eventually arrived at an abandoned house.

After Hulfachor and Glaser entered the house, Duncan arrived through the back door and struck Glaser several times in the head with a hammer.[1] Hulfachor and Duncan then left Glaser on the floor of the

abandoned house, took his truck, and fled to Henderson, Kentucky.

An autopsy revealed that Glaser died of a "craniocerebral blunt force injury." (Supp. R. at 53.) Blood taken from clothing worn by Duncan and Hulfachor on the evening of the murder matched blood samples taken from Glaser.

Duncan argues that the evidence is insufficient because he had an alibi establishing that he was out of town when Glaser's fatal injuries were inflicted. Specifically, he asserts that he and Hulfachor were driving to Tulsa, Oklahoma at the established time of Glaser's death. Even assuming this is true, it does not rule out the possibility, in fact, the probability, that Glaser died from wounds inflicted several hours earlier. Indeed, the coroner testified that Glaser could have survived with the inflicted head wounds for up to twenty-four hours before dying. (R. at 878–79.) We rely on juries to resolve conflicts in evidence. Here, a reasonable jury could well conclude that Duncan murdered Glaser.[2]

## II. Admission of Photographs

Several photographs admitted at trial depict Glaser's head wounds. Duncan objected to their admission on grounds that the pictures were cumulative and that they were gruesome.

■ The admission of cumulative evidence does not itself warrant a new trial; an appellant must show that unfair prejudice flowing from the evidence outweighs its probative value. *Wagner v. State,* 474 N.E.2d 476 (Ind.1985). Photographs depicting the victim's injuries or demonstrating a witness's testimony are generally admissible and will not be rejected merely because they are gruesome or cumulative. *Harrison v. State,* 699 N.E.2d 645 (Ind. 1998). We review the trial court's ruling for an abuse of discretion. *Id.* at 648.

1. Duncan admits this fact. (*See* R. at 1012, 1013; Appellant's Br. at 11–14.)

2. Duncan challenges the sufficiency of the evidence to support the robbery conviction

but makes no separate argument about it. We imagine he may have the same contention he makes about the murder. If so, *it is* likewise unavailing.

■ Three photographs are at issue; each shows Glaser's wounds at a different angle. Thus, they are not wholly cumulative. The photographs also establish the cause of death and the manner in which the crime was committed. This evidence is particularly probative inasmuch as Duncan tried to establish that, although he struck Glaser in the head with a hammer, he did not cause Glaser's death. (Appellant's Br. at 9–14.) We do not see an abuse of discretion by the trial court.

### III. Sentencing

Finally, Duncan argues that the trial court improperly failed to apply principles of double jeopardy when sentencing him. Specifically, Duncan argues that the trial court erred in convicting and sentencing him on murder and robbery. Rather, Duncan claims, "all counts in the charge . . . should have logically and sequentially merged into a single conviction for felony murder." (Appellant's Br. at 18.)

■ We agree with Duncan that a person cannot be convicted of both murder and felony murder arising from the same homicide. (Appellant's Br. at 16.); *Robinson v. State,* 477 N.E.2d 288 (Ind.1985). Here, however, the trial court properly vacated the conviction on felony murder, while allowing the conviction for murder to stand. Likewise, the trial court properly sentenced Duncan only on the robbery count, and not the theft count, because theft is a lesser included offense of robbery. *Landers v. State,* 464 N.E.2d 912 (Ind.1984). Finally, the trial court correctly reduced the robbery to a class C felony because both the murder conviction and the original enhanced robbery conviction were based on the same bodily injury. *See Hampton v. State,* 719 N.E.2d 803, 808 (Ind.1999). The trial court was not required, however, to vacate the robbery conviction altogether, as Duncan asserts.

■ We analyze double jeopardy claims under *Richardson v. State,* 717 N.E.2d 32 (Ind.1999). In *Richardson,* this Court developed a two-part test for determining whether two convictions are permissible. We explained that two offenses are the "same offense" and thus violate double jeopardy if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. *Id.* at 49.

■ Duncan makes no claim under the statutory elements test, and we see none. As for the actual elements test, the facts support convictions for two separate acts, despite their temporal proximity. Duncan and Hulfachor struck Glaser, then left him bleeding on the floor. The two then went outside and "looked at [Glaser's] truck and went to the truck." (R. at 1017.) Finding keys in the ignition, the two fled the scene.

Duncan's convictions for robbery and murder are not the same offense, and there has been no double jeopardy violation.

### Conclusion

Accordingly, we affirm the trial court's judgment.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.