**Darnell CARTER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 79S02–0107–CR–327.

Supreme Court of Indiana.

July 17, 2001.

Transfer Granted July 17, 2001.

Joe Keith Lewis, Marion, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Timothy W. Beam, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SHEPARD, Chief Justice.

Appellant Darnell Carter faced multiple charges of drunk driving. These led to verdicts of guilty on all counts and a judgment of conviction for the crime of operating a vehicle while intoxicated, as a class D felony. The Court of Appeals rejected Carter's claims of error, but directed the trial judge to vacate the other two guilty findings. This was unnecessary.

**Facts and Procedural History**

The State charged Carter in three separate counts: (1) operating a vehicle with at least ten-hundredths percent (0.10%) of alcohol by weight in grams in one hundred (100) milliliters of the person's blood, a

class C misdemeanor;[1] (2) operating a vehicle while intoxicated, a class A misdemeanor;[2] and (3) operating a vehicle while intoxicated with a previous conviction of operating while intoxicated within the five immediately preceding years, a class D felony.[3]

A jury found Carter guilty of Counts I and II.[4] Carter then waived his right to a jury trial on the third charge. The court conducted a bench trial and found Carter guilty on Count III.

After a sentencing hearing, the court entered a judgment of conviction and sentence for Count III, the class D felony, only.[5]

The Court of Appeals correctly rejected all of the contentions Carter made on appeal. *Carter v. State*, 734 N.E.2d 600 (Ind. Ct.App.2000). We summarily affirm its resolution of these issues. Ind. Appellate Rule 58(A)(2). The court then said:

> As a final point, although not raised by the appellant, we conclude *sua sponte* that both the operating while intoxicated conviction as a class A misdemeanor and the operating while intoxicated conviction with having a previous operating while intoxicated conviction within the past five years as a class D felony may not stand. The class A misdemeanor conviction is subsumed by the enhanced class D felony conviction.

Judgment affirmed in part and reversed in part and remanded to the trial court

with instructions to vacate the class A misdemeanor conviction.

*Carter*, 734 N.E.2d at 605. It thus followed the practice adopted in *Redman v. State*, 679 N.E.2d 927, 932 (Ind.Ct.App. 1997), in which the Court of Appeals deemed it necessary to order vacating a lesser included offense on which there was no judgment and no sentence, while expressing concern that such a practice put the trial courts in a difficult position. We granted transfer to relieve them of this burden.

### What Is A "Conviction"?

■ The word "conviction" is not a term of art, and its multiple definitions create some confusion. *Black's Law Dictionary* 335 (7th ed.1999) offers two legal definitions. The first is: "The act or process of *judicially* finding someone guilty of a crime; the state of having been proved guilty." *Id.* (emphasis added). The second is: "The judgment (as by a jury verdict) that a person is guilty of a crime." *Id.*

Courts, including this one, commonly say "a jury convicted the defendant of...." *See, e.g., Hulfachor v. State*, 735 N.E.2d 214, 216 (Ind.2000). This is a true statement, using *Black's* second definition.

This periodic mingling of terms, however, should not obscure the fact that a guilty verdict and a judgment of conviction are two rather different things.

1. Ind.Code Ann. § 9–30–5–1 (West 1998)(Count I).

2. Ind.Code Ann. § 9–30–5–2 (West 1998)(Count II).

3. Ind.Code Ann. § 9–30–5–3 (West 1998)(Count III).

4. The court bifurcated the proceeding so that the jury evaluated Counts I and II without

receiving potentially prejudicial information about Carter's prior OWI conviction.

5. Specifically, the judge said: "So the Court is going to enter a judgment of conviction that the defendant, a male, 29 years of age, is guilty of operating while intoxicated with a prior conviction, a Class D felony, as charged in Count 3." (R. at 284.)

It is highly ordinary that a jury (or, as with Count III here, a judge in a bench trial) may hear evidence about multiple counts during a single trial and determine guilt on each of them. These findings of guilt do not mean that a defendant has faced multiple sentences or multiple judgments of conviction. Asking the jury to deliberate on all potential charges that are supported by the evidence is a sensible and efficient practice. A verdict of guilty can certainly be a significant legal event, but only if a court later enters judgment on it. A verdict on which the trial court enters judgment notwithstanding the verdict,[6] for example, is a victory for the defendant. Similarly, a verdict of guilt on which no judgment or sentence has been entered would not constitute legal grounds for incarceration.

We treat the judgments and sentences entered by courts in a different way.

■ When two or more of the charges constitute the same offense for double jeopardy purposes, for example, the defendant may not be punished on all the charges. *See, e.g., Duncan v. State*, 735 N.E.2d 211, 212, 214 (Ind.2000)(jury found defendant guilty of murder, felony murder, robbery, and auto theft, but court properly sentenced for murder and robbery only because the other two charges were lesser included offenses). This is true when a court enters convictions and sentences on a greater and lesser offense. *Mason v. State*, 532 N.E.2d 1169 (Ind.1989), *cert. denied*, 490 U.S. 1049, 109 S.Ct. 1960, 104 L.Ed.2d 428 (1989).

Indeed, we have regarded a judgment of conviction as constituting punishment even if the defendant avoids imprisonment. Here, for example, the fact of Carter's prior OWI conviction justified enhancement of the current charge from misdemeanor to felony status, without regard to whether any sentence was imposed for that prior conviction. *See also Patton v. State*, 242 Ind. 477, 488, 179 N.E.2d 867, 872 (1962)("A sentence, although suspended, places some limitation upon the conduct of the party involved and, to this extent, it is a penalty imposed.").

Our statutes likewise suggest that a verdict by a jury and a judgment issued by a court are two rather different acts from which different consequences flow. They describe a two-tier process of verdicts or findings that are usually, but not invariably, followed by conviction and sentencing.

Indiana Code Ann. Title 35, article 38, "Proceedings Following Dismissal, Verdict, or Finding," sets forth what follows the jury's or judge's factual findings. Chapter 1, "Entry of Judgment and Sentencing," reads in part: "After a verdict, finding, or plea of guilty, if a new trial is not granted, the court shall enter a judgment of conviction." Ind.Code Ann. § 35–38–1–1(a) (West 2000).[7] Indiana Code Ann. § 35–38–1–6 (West 2000) qualifies this mandate: "Whenever (1) a defendant is charged with an offense and an included offense in separate counts; and (2) the defendant is found guilty of both counts; judgment and sentence may not be entered against the defendant for the included offense."

---

**6.** Indiana Trial Rules 50 and 59(J)(7) empower trial courts to enter judgment notwithstanding jury verdicts that are not supported by sufficient evidence. *See Stewart v. State*, 688 N.E.2d 1254, 1258 (Ind.1997).

**7.** *See also* Ind.Code Ann. § 35–38–3–2(a) (West 2000)("When a convicted person is sen-

tenced to imprisonment, the court shall, without delay, certify, under the seal of the court, copies of the judgment of conviction and sentence to the receiving authority.") A jury verdict is insufficient to authorize incarceration; only a judicial order will do.

## Conclusion

In short, a jury verdict on which the court did not enter judgment for one reason or another (merger, double jeopardy, etc.) is unproblematic, as we recently observed in the double jeopardy context.[8] *Kilpatrick v. State,* 746 N.E.2d 52, 60 (Ind. 2001) ("We have held that where a trial court merges some offenses into others for purposes of sentencing, there is no double jeopardy violation."). *Accord Kennedy v. State,* 674 N.E.2d 966 (Ind.1996) (merging felony murder into murder does not prevent separate sentence for robbery). There is no particular reason to order a trial court to vacate the jury "conviction" on, say, counts one or two where the trial court entered a judgment only on count three.[9]

We grant transfer and reverse the order to vacate the class A misdemeanor conviction. The judgment of the trial court is affirmed.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.

---

8. Courts commonly refer to lesser included offenses being "merged with" or "subsumed by/under" greater offenses. *See, e.g., Brown v. State,* 650 N.E.2d 304, 305, 307 (Ind.1995). Whatever language a court uses, the principle remains the same: a claim of multiple punishment for the same offense requires multiple judgments of conviction, entered by the trial court.

9. Indeed, more harm than good may result if a trial court "vacates" a jury verdict not reduced to judgment. If a conviction for a greater offense is reversed for reasons specific to the incremental elements between the greater and a lesser included offense, a conviction for the lesser offense may remain valid. A defendant's claim that a "vacated" verdict is no longer viable may not succeed (*see, e.g., Taflinger v. State,* 698 N.E.2d 325 (Ind.Ct. App.1998)), but the more prudent course is to avoid the argument.