## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 17 2017, 9:13 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Tyler E. Brant
Brown, DePrez & Johnson, P.A.
Shelbyville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Danny L. Hersley, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | February 17, 2017 <br><br> Court of Appeals Case No. <br> 16A05-1602-CR-364 <br><br> Appeal from the Decatur Circuit Court <br><br> The Honorable Timothy B. Day, Judge <br><br> Trial Court Cause No. <br> 16C01-1509-F3-633 |

**Mathias, Judge.**

[1]      Danny L. Hersley, Jr. ("Hersley") was convicted in Decatur Circuit Court of Level 3 felony Robbery and was adjudicated a habitual offender. He appeals

both his conviction and adjudication, challenging the sufficiency of the evidence. He also argues that the trial court committed a double jeopardy violation when it consolidated the guilty verdicts for Level 5 felony robbery and Class A misdemeanor theft with the Level 3 felony robbery guilty verdict.

We affirm.

## Facts and Procedural History

In the early morning hours on September 19, 2015, Uriah Brumley ("Brumley") and Hersley were outside Brumley's cousin's home on North Carver Street in Greensburg, Indiana. Hersley was a friend of Brumley's father, and they had known each other for several years. Hersley was at the house to purchase drugs.

At some point, Hersley hit Brumley in the back of the head. Brumley fell to the ground, and Hersley punched the right side of Brumley's face. Brumley lost consciousness for several seconds after he fell to the ground. Hersley then stole approximately $250 and methamphetamine from Brumley's pockets. Hersley fled the scene on his mountain bike.

Brumley reported the incident to the police. Officer Matthew Terkhorn of the Greensburg Police Department interviewed Brumley and took photographs of Brumley's injuries. The officer observed that the right side of Brumley's face was swollen and scraped. Tr. p. 233. Brumely's father also observed that Brumely's face was red, he had a knot on the back of his head, and he had red marks on his ribs. Tr. p. 324.

[6] Hersley was charged with Level 2 felony robbery, Level 3 felony robbery, Level 5 felony robbery and Class A misdemeanor theft. The State also alleged that he was a habitual offender. A bifurcated jury trial commenced on December 15, 2015.

[7] At trial, Brumley testified that he was a drug user and had previously sold methamphetamine to Hersley and one of Hersley's friends. Transcribed telephone calls between Hersley from jail and various individuals were also admitted at trial. During the recorded conversations with his friends, Hersley admitted to taking "dope" from Brumley. Ex. Vol., State's Exs. 14-36. Hersley stated that he took the "dope" because his friend "Special K" gave Brumley $150 to purchase 1.5 grams of methamphetamine, but Brumley gave "Special K" rock salt. *Id.*; *see also* Tr. p. 425. In the recorded calls, Hersley denied hitting Brumley or taking his money.

[8] Joshua Motz testified that he saw Hersley and Brumley together on Carver Street on September 19, 2015. He stated that he saw them walk away from each other in opposite directions and did not witness an altercation. Tr. pp. 258-60. In the recorded phone calls discussed above, Hersley repeatedly tried to find out if Motz was going to testify at trial. Ex. Vol., State's Exs. 14-36. Hersley wanted Motz to testify that Hersley had not touched Brumley. In the phone calls, Hersley threatened Motz when he was told that Motz initially was not cooperating with the police. Hersley also asked his friends to contact Brumley's father to discuss the case.

[9] Hersley was found not guilty of Level 2 felony robbery, but guilty of Level 3 felony robbery, Level 5 felony robbery, and Class A misdemeanor theft. The trial court consolidated the Level 5 felony robbery and misdemeanor theft verdicts with the Level 3 felony robbery verdict. The court then entered judgment of conviction on the Level 3 felony robbery guilty finding. Hersley was also adjudicated a habitual offender. The trial court ordered Hersley to serve an aggregate twenty-two-year sentence executed in the Department of Correction. Hersley now appeals.

## Sufficient Evidence

[10] Hersley challenges the sufficiency of the evidence on the Level 3 robbery conviction and the habitual offender adjudication. Our standard of review in claims of insufficient evidence is well settled: we neither reweigh the evidence nor judge the credibility of the witnesses, and we consider only the evidence most favorable to the verdict and the reasonable inferences that can be drawn from this evidence. *Knight v. State*, 42 N.E.3d 990, 993 (Ind. Ct. App. 2015). We will not disturb the jury's verdict if substantial evidence of probative value supports it. *Id*. As an appellate court, we respect the jury's exclusive province to weigh conflicting evidence. *Id*.

### *A. Robbery*

[11] To convict Hersley of Level 3 robbery, the State was required to prove that he knowingly or intentionally took property from Brumley by using force or the threat of force, which resulted in bodily injury to Brumley. Appellant's App. p.

17; Ind. Code § 35-42-5-1. Hersley argues that the State failed to prove that Brumley suffered bodily injury, the element that enhanced the felony from a Level 5 felony to a Level 3 felony.

[12] Brumley testified that he was hit in the head and fell to the ground. He stated he was then punched in the face and lost consciousness for several seconds. Officer Terkhorn responded to Brumley's report that he had been robbed. He took photographs of Brumley's injuries, which were admitted at trial. The officer observed that the right side of Brumley's face was swollen and scraped. Tr. p. 233. Brumely's father testified that after the robbery, Brumely's face was red, he had a knot on the back of his head, and he had red marks on his ribs. Tr. p. 324. Brumley unequivocally named Hersley as the person who physically assaulted him and took his money and methamphetamine.

[13] Hersley's argument that the State failed to prove that Brumley suffered bodily injury is simply a request to reweigh the evidence and the credibility of the witnesses, which our court will not do. Hersley observes that Brumley's testimony at trial was not entirely consistent with his pre-trial statements. Hersley also cites his and Motz's testimonies that Hersley did not touch Brumley. However, it was within the exclusive province of the jury to weigh Brumley's credibility and the State's other evidence against Hersley's and Motz's testimonies. For these reasons, we conclude that the State presented sufficient evidence from which a reasonable fact-finder could conclude that Hersley used force to rob Brumley causing Brumley to suffer bodily injury.

## *B. Habitual Offender*

[14]   Citing Indiana Code section 35-50-2-8(d), Hersley argues that the State failed to prove that he was a habitual offender. Specifically, he claims that the evidence was insufficient to establish that not more than ten years had elapsed between his last release from imprisonment, probation, or parole and the date of the instant offense. Subsection (d) of the habitual offender statute applies to a person who has allegedly committed a Level 5 or 6 felony. In this case, Hersley was convicted of a Level 3 felony; therefore, subsection (d) does not apply.

[15]   Because Hersley was convicted of a Level 3 felony, we must look at subsection (b) of the habitual offender statute. Subsection (b) of Indiana Code section 35-50-2-8 defines a habitual offender as a person convicted of a Level 1 through Level 4 felony "if the state proves beyond a reasonable doubt that: (1) the person has been convicted of two (2) prior unrelated felonies; and (2) at least one (1) of the prior unrelated felonies is not a Level 6 felony or a Class D felony."

[16]   As required by subsection (b), the State proved that Hersley was previously convicted of two unrelated felonies: Class C felony forgery in 1989 and Class C felony forgery in 2000.[1]  Therefore, the State proved that Hersley is a habitual offender as defined under Indiana Code section 35-50-2-8(b).

---

[1] The State also proved that Hershey was convicted of Class D felony theft in 1995.

# Double Jeopardy

[17] Article 1, Section 14 of the Indiana Constitution provides in pertinent part: "No person shall be put in jeopardy twice for the same offense." Hersley argues that the trial court violated the double jeopardy clause by failing to vacate the guilty verdicts for Level 5 felony robbery and Class A misdemeanor theft.

[18] "A defendant's constitutional rights are violated when a court enters judgment twice for the same offense, but not when a defendant is simply found guilty of a particular count." *Green v. State*, 856 N.E.2d 703 (Ind. 2006). A guilty verdict can be a significant legal event, "but only if a court later enters judgment on it." *Cleary v. State*, 23 N.E.3d 664, 668 (Ind. 2015); *see also Gardiner v. State*, 928 N.E.2d 194, 197 (Ind. 2010) (stating that "the penal consequences of a guilty finding are trigged only by the entry of a judgment of conviction").

[19] When no judgment of conviction is entered on the jury's verdict, it is unnecessary to vacate the verdict. *See Carter v. State*, 750 N.E.2d 778, 781 n.8 (Ind. 2001) ("[A] claim of multiple punishment for the same offense requires multiple judgments of conviction, entered by the trial court."); *see also Green*, 856 N.E.2d at 703 (Ind. 2006) (holding "[w]here the court merges the lesser-included offense without imposing judgment, there is no need to remand on appeal to vacate."). "[M]ore harm than good may result if a trial court 'vacates' a jury verdict not reduced to judgment. If a conviction for a greater offense is reversed . . . a conviction for the lesser offense may remain valid." *Carter*, 750 N.E.2d at 781 n.9.

Here, faced with double jeopardy concerns, the trial court properly declined to enter judgment of conviction on the Level 5 felony robbery and Class A misdemeanor theft guilty verdicts. The court "consolidated" the guilty verdicts on those offenses with the guilty verdict for Level 3 felony robbery, and only entered judgment of conviction for Level 3 felony robbery. Appellant's App. p. 39. Because the trial court only entered judgment of conviction on the Level 3 felony robbery guilty verdict, Hersley has not established a double jeopardy violation.

## Conclusion

We affirm Hersley's Level 3 felony robbery conviction and habitual offender adjudication.

Affirmed.

Baker, J., and Pyle, J., concur.