FILED

Apr 27 2017, 9:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Jane Ann Noblitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Larry D. Bass,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 27, 2017<br><br>Court of Appeals Case No.<br>03A01-1606-CR-1493<br><br>Appeal from the Bartholomew<br>Superior Court<br><br>The Honorable Kathleen Tighe<br>Coriden, Judge<br><br>Trial Court Cause No.<br>03D02-1511-CM-5663 |

**Najam, Judge.**

## Statement of the Case

[1]     Larry D. Bass appeals his convictions for operating a vehicle while intoxicated ("OWI"), one as a Class A misdemeanor and one as a Class C misdemeanor, following a bench trial.  Bass raises two issues for our review, which we

consolidate and restate as whether the trial court violated Bass's double jeopardy rights when it entered its judgment of conviction against Bass on both OWI counts. We conclude that where, as here, the trial court states that the defendant has been found guilty of multiple counts of OWI, enters a "judgment" that is not specific as to those counts, and then states that the counts "merge for purposes of sentencing," Indiana's case law requires this court to remand to the trial court with instructions that it specifically vacate the lesser offense. Accordingly, we reverse and remand with instructions.

## Facts and Procedural History

[2] On December 10, 2014, Joanna Tucker discovered Bass unconscious inside of his running, but stopped, vehicle in the middle of the intersection of Seventh Street and Lafayette Avenue in Columbus. Tucker placed Bass's vehicle in park. Columbus Police Department Officer Benjamin Goodin arrived thereafter and "immediately saw" that Bass's eyes "were bloodshot and glassy"; that his eyelids "were droopy"; that his "speech was extremely slurred to the point that he had difficulty formulating a thought or sentence"; and that he "had very poor balance where he couldn't stand up unassisted." Tr. at 37-38.

[3] After medical personnel took Bass to a nearby hospital, Bass consented to a blood draw. The result of that blood draw demonstrated that Bass had methadone, oxycodone, and zolpidem in his blood at the time of the traffic incident. The State then charged Bass with two counts of OWI, one as a Class

A misdemeanor (for the alleged endangerment of others[1]) and one as a Class C misdemeanor (for operating with a schedule I or II controlled substance in the body[2]). At his ensuing bench trial, Bass testified that he had an affirmative defense to at least the Class C misdemeanor allegation,[3] namely, that he had prescriptions for each of the controlled substances found in his blood and that he was "taking them" in the manner that his "doctor [had] told [him] to take them." *Id.* at 50.

[4]     The trial court rejected Bass's alleged defense, stating:

> it is a defense . . . that the accused person consumed the
> controlled substance under a valid prescription . . . . But it is not
> a defense if you are not able to, if taking that medication puts you
> in a position where you can cause harm to others. So as to the A
> misdemeanor I will find that you are guilty . . . . You know
> passing out in the middle of an intersection is a danger. There's
> no doubt about that and[,] although I've not seen you[r]
> prescriptions, even if I take you at your word, and I will that you
> have been prescribed those medications . . . , it's abundantly clear
> to me that you couldn't have been taking them in the manner in
> which they were prescribed on that particular occasion. . . .
> [Y]ou were under the influence of those drugs in such a manner
> that you ought not to have been behind the wheel of a car. So I
> am going to find that you are guilty both of the A and C
> misdemeanor[s].

*Id.* at 57-59.

---

[1]  *See* Ind. Code § 9-30-5-2 (2016).

[2]  I.C. § 9-30-5-1(c).

[3]  I.C. § 9-30-5-1(d).

Thereafter, the trial court held a sentencing hearing. Following that hearing, the court entered its written order against Bass. In that order, which is simply titled "Judgment," the court acknowledged that Bass had been found guilty on both counts but then stated that "the counts merge for the purpose of sentencing." Appellant's App. Vol. 2 at 17. The court then ordered Bass to serve one year, all but ten days of which it suspended to probation. The court did not specifically delineate on which counts it had entered its judgment of conviction. This appeal ensued.

## Discussion and Decision

On appeal, Bass contends that the trial court violated his double jeopardy rights when it entered judgment against him for both Class A misdemeanor OWI and Class C misdemeanor OWI. "Entry of conviction for both an offense and its lesser-included offenses 'is impermissible under both state and federal double jeopardy rules.'" *Whitham v. State*, 49 N.E.3d 162, 168 (Ind. Ct. App. 2015) (quoting *Wentz v. State*, 766 N.E.2d 351, 359-60 (Ind. 2002)), *trans. denied.* And it is well-established that both "[t]he offense of operating a vehicle with a controlled substance [as a Class C misdemeanor] . . . and the offense of operating a vehicle while intoxicated [as a Class A misdemeanor] cannot stand" under double jeopardy principles when "the presence of the [same controlled substance] was a fact used by the State to prove" both the Class A and the Class C misdemeanors. *Kremer v. State*, 643 N.E.2d 357, 361 (Ind. Ct. App. 1994), *superseded by statute on other grounds, see Vanderlinden v. State*, 918 N.E.2d 642, 645 (Ind. Ct. App. 2009), *trans. denied*; *see also Hornback v. State*, 693 N.E.2d 81,

85 (Ind. Ct. App. 1998) (reversing a Class C misdemeanor OWI conviction as a lesser included offense to a Class A misdemeanor OWI conviction).

[7]  Further, as we have explained:

> If a trial court does not formally enter a judgment of conviction on a [finding] of guilty, then there is no requirement that the trial court vacate the "conviction," and merger is appropriate. *Townsend v. State*, 860 N.E.2d 1268, 1270 (Ind. Ct. App. 2007) (quoting *Green v. State*, 856 N.E.2d 703, 704 (Ind. 2006)). *However, if the trial court does enter judgment of conviction on a [guilty finding], then simply merging the offenses is insufficient and vacation of the offense is required.* See id.; *Green*, 856 N.E.2d at 704; *Gregory v. State*, 885 N.E.2d 697, 703 (Ind. Ct. App. 2008) (where trial court entered judgments of conviction on jury's verdicts of guilty for dealing and conspiracy, then later merged the convictions for double jeopardy reasons, such merging without also vacating the conspiracy conviction was insufficient to cure the double jeopardy violation).

*Kovats v. State*, 982 N.E.2d 409, 414-15 (Ind. Ct. App. 2013) (emphasis added).

[8]  Applying *Kovats* in a subsequent appeal, we held:

> Here, in a document captioned "Judgment," the trial court noted that [the defendant] was guilty on both counts before determining that Count II merged into Count I. Under these circumstances, we conclude the court entered judgment on the convictions, and merger was insufficient to remedy the double jeopardy violation. *See Kovats*[,] 982 N.E.2d [at 415] (determining that the trial court entered judgment on multiple convictions and that merger without vacatur was inadequate). We thus remand this case with instructions to vacate the conviction of Count II, operating with a blood alcohol content of .15 or more.

*West v. State*, 22 N.E.3d 872, 875 (Ind. Ct. App. 2014), *trans. denied*.

[9] The same is true here. In a document captioned "Judgment," the trial court acknowledged that Bass had been found guilty of both the Class A misdemeanor and the Class C misdemeanor before then declaring that the two counts merged for purposes of sentencing. Appellant's App. Vol. 2 at 17. This was not a sufficient remedy to the apparent double jeopardy concern. *West*, 22 N.E.3d at 875. Indeed, the State concedes this issue on appeal. Accordingly, we reverse and remand with instructions to vacate Bass's conviction for the Class C misdemeanor OWI.

[10] We briefly note that Bass also argues on appeal that the State failed to present sufficient evidence to support his conviction for Class C misdemeanor OWI. In particular, Bass asserts that his testimony demonstrated an affirmative defense under Indiana Code Section 9-30-5-1(d), regarding consumption of a controlled substance under a valid prescription. But, as explained above, we hold that Bass's conviction for Class C misdemeanor OWI is to be vacated; as such, his challenge to the sufficiency of the evidence underlying a guilty finding on a Class C misdemeanor on which there has been no proper judgment of conviction is, at best, not yet ripe for review. *See Carter v. State*, 750 N.E.2d 778, 781 (Ind. 2001) (concluding that "[t]here is no particular reason to order a trial court to vacate" a guilty finding on which there is no judgment of conviction). And Bass does not assert that his affirmative defense argument is equally applicable to his Class A misdemeanor conviction, which required the State to show that Bass had operated his vehicle in a manner that endangered a person.

*See* I.C. § 9-30-5-2(b). Indeed, Bass limits his affirmative-defense argument to his purported Class C misdemeanor conviction, and the State expressly relies on that limitation in responding to Bass's arguments on appeal. Thus, because Bass did not argue on appeal that such an affirmative defense was applicable to the Class A misdemeanor OWI charge, we do not consider it. *See* Ind. Appellate Rule 46(A)(8)(a).

[11] In sum, we reverse Bass's conviction for Class C misdemeanor OWI and remand with instructions for the trial court to vacate that conviction.

[12] Reversed and remanded with instructions.

Bailey, J., concurs.

May, J., dissents with separate opinion.

Larry D. Bass,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

Court of Appeals Case No.
03A01-1606-CR-1493

**May, Judge, dissenting.**

I would address Bass's statutory construction argument on the merits and vacate his guilty finding of Class C misdemeanor OWI, rendering moot the double jeopardy issue on which the majority relies. Accordingly, I dissent.

The Class C misdemeanor OWI for which Bass was found guilty required only that he "operate[d] a vehicle with a controlled substance listed in schedule I or II of IC 35-48-2 or its metabolite" in his body. Ind. Code § 9-30-5-1(c). The legislature also created a statutory defense to this version of OWI: "It is a defense to subsection (c) that the accused person consumed the controlled substance under a valid prescription or order of a practitioner (as defined in IC 35-48-1) who acted in the course of the practitioner's professional practice." Ind. Code § 9-30-5-1(d).

[15]   At the conclusion of Bass's bench trial, the trial court stated:

> All right Mr. Bass the statute says . . . a person who operates a
> vehicle with a controlled substance listed in schedule I or II or it's
> [sic] metabolite in the person's body commits a [C]lass C
> misdemeanor and it goes on further to say it is a defense to
> subsection C that the accused person consumed the controlled
> substance under a valid prescription or order of a practitioner
> who acted in the course of the practitioner's professional practice.
> But it is not a defense if you are not able to, if taking that
> medication puts you in a position where you can cause harm to
> others.  So as to the A misdemeanor I will find that you are guilty
> of operating under the influence, that you were intoxicated and it
> was in a manner in which a person was endangered.  You know
> passing out in the middle of an intersection is a danger.  There's
> no doubt about that and *although I've not seen your prescriptions,*
> *even if I take you at your word, and I will that you have been prescribed*
> *those medications* the condition that you were in is a condition that
> even though you may have prescriptions for those medications,
> it's abundantly clear to me that you couldn't have been taking
> them in the manner in which they were prescribed on that
> particular occasion.  If you had been on those drugs for three
> months up to that point and had not had any issues, based upon
> the officer's testimony, the witness's testimony who stopped to
> assist you, you were under the influence of those drugs in such a
> manner that you ought not to have been behind the wheel of a
> car.  So I am going to find that you are guilty both of the A and C
> misdemeanor.

(Tr. at 57-58) (emphasis added).

[16]   Bass argues he cannot be guilty of the Class C misdemeanor because the trial

court found Bass had "been prescribed those medications[,]" (*id.* at 58), which

Bass claims is the equivalent of finding the medications were "consumed . . .

under a valid prescription" as is required for the statutory defense. Ind. Code §
9-30-5-1(d). However, the remainder of the trial court's statement – "you
couldn't have been taking them in the manner in which they were prescribed on
that particular occasion," (*id*. at 58) – indicates the trial court believed the
statutory phrase "consumed . . . under a valid prescription" meant Bass could
not rely on the statutory defense unless Bass proved he had taken the
medications in accordance with the instructions provided on the valid
prescriptions.

[17]  Bass's argument raises a question of statutory construction,[4] "which is a matter
of law and is reviewed *de novo*." *Suggs v. State*, 51 N.E.3d 1190, 1193 (Ind.
2016).

> When construing a statute, our primary goal is to ascertain the
> legislature's intent. To discern that intent, we look first to the
> statutory language itself and give effect to the plain and ordinary
> meaning of the statutory terms. If a statute is unambiguous, that
> is, susceptible to but one meaning, we must give the statute its
> clear and plain meaning. However, if a statute admits of more
> than one interpretation, then it is ambiguous; and we thus resort
> to rules of statutory interpretation so as to give effect to the
> legislature's intent. For example, we read the statute as a whole,
> avoiding excessive reliance on a strict literal meaning or the

---

[4] The State did not respond to Bass's statutory construction argument. In such a circumstance, an appellate court looks only to see whether the trial court committed *prima facie* error, which is error at first glance. *See Cox v. State*, 780 N.E.2d 1150, 1162 (Ind. Ct. App. 2002) (failure to respond to an issue is akin to failing to file a brief; for claimant to succeed, he need only establish prima facie error). An appellate court may not construct arguments on the appellee's behalf. *See Shepherd v. Truex*, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004) (if the appellate court constructs argument, it abdicates its role as "impartial tribunal").

selective reading of individual words. And we seek to give a practical application of the statute by construing it in a way that favors public convenience and avoids an absurdity, hardship, or injustice. Further, criminal statutes must be strictly construed against the State, and may not be enlarged beyond the fair meaning of the language used . . . ."

*Id.* at 1193-94 (internal citations and quotations omitted).

[18] At issue is the meaning of the phrase "consumed . . . under a valid prescription" as found in Indiana Code Section 9-30-5-1(d). The trial court interpreted that phrase to mean "consumed in accordance with a valid prescription," and Bass argues the phrase means "had a valid prescription for the medications consumed." Because the meaning of that phrase is ambiguous, it should be construed in a way that gives effect to the legislature's intent while also avoiding "absurdity, hardship, or injustice." *Suggs*, 51 N.E.3d at 1194.

[19] Chapter 5 of Indiana Code Article 9-30 is denominated "Operating a Vehicle While Intoxicated." Section 1 of that Chapter defines three crimes, and the first two of those are versions of OWI based on the amount of alcohol found in a driver's breath or blood. *See* Ind. Code § 9-30-5-1(a) (defining alcohol concentration equivalent of .08 to .15 as a Class C misdemeanor) and Ind. Code § 9-30-5-1(b) (defining alcohol concentration equivalent at or above .15 as a Class A misdemeanor). The alcohol concentration equivalents used to define those crimes were established, and later modified, based on research conducted to determine the impact of alcohol – a substance that is legal to possess and consume – on a person's ability to drive.

[20] The third crime defined in Section 1, in contrast, criminalizes driving as "intoxicated" if a person has *any amount* of a schedule I or II controlled substance, or its metabolite, in his or her body. *See* Ind. Code § 9-30-5-1(c). The State is not required to prove, for purposes of a conviction under that definition, that a driver was intoxicated or that the amount of metabolite in the person's blood might or did have had any impact whatsoever on the person's ability to drive. Thus, the legislature defined the crime so broadly that it criminalizes legal behavior – driving in a manner that does not endanger anyone after consumption of medication for which one has a valid prescription. Because we are to construe criminal statutes against the State, *see Suggs*, 51 N.E.3d at 1194, I would interpret the defense provided in subsection (d) broadly, as a straightforward attempt by the legislature to protect citizens who legally possess prescription medications from the embarrassment of facing criminal proceedings for consuming those prescriptions. Thus, I agree with Bass that, for purposes of Indiana Code Section 9-30-5-1(d), "consumed . . . under a valid prescription" means simply "had a valid prescription."

[21] After all, if a person drives while intoxicated on a schedule I or II controlled substance – regardless whether that driver had a valid prescription or obtained the drug illegally – the State's remedy is to convict that person of driving while intoxicated under Indiana Code Section 9-30-5-2, rather than under Indiana Code Section 9-30-5-1. And, that is precisely what the State was able to do in this case, as it obtained a Class A misdemeanor conviction of Bass for driving

while intoxicated in a manner that endangered a person.  *See* Ind. Code § 9-30-5-2(b).

[22] Thus, I would hold the trial court erred when it *both* accepted that Bass had valid prescriptions for the drugs found in his body *and* found Bass guilty of operating a vehicle with those substances in his body under Indiana Code Section 5-30-5-1(c).  As such, I would reverse the court's guilty finding as to the Class C misdemeanor and remand for the court to correct its record to indicate Bass was acquitted of that charge. Accordingly, I dissent.[5]

---

[5] I acknowledge the majority's vacation of Bass's Class C misdemeanor conviction on double jeopardy grounds renders moot *at present* the statutory construction argument on which I write.  However, the majority's resolution of Bass's appeal leaves the finding of guilt as to that Class C misdemeanor on the judicial record, such that if Bass's Class A misdemeanor conviction were overturned at some later date, the trial court could again enter a judgment of conviction on that Class C misdemeanor.  *See Carter v. State*, 750 N.E.2d 778, 781 n.9 (Ind. 2001) (noting court should not vacate verdicts underlying lesser-included offenses not reduced to judgment so that those findings remain on the record if conviction of greater offense is ever overturned).  Because I believe Bass's Class C misdemeanor conviction is impermissible as a matter of law, I cannot concur with the majority's decision to side-step Bass's statutory-construction argument.