## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 07 2020, 9:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Carlos I. Carrillo
Carrillo Law LLC
Greenwood, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Zachary Paul Collins,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

December 7, 2020

Court of Appeals Case No.
20A-CR-976

Appeal from the
Tippecanoe Superior Court

The Honorable
Kristen McVey, Judge

Trial Court Cause No.
79D05-2001-F6-78

**Vaidik, Judge.**

# Case Summary

[1] Zachary Paul Collins appeals his convictions for Level 6 felony domestic battery and Class A misdemeanor invasion of privacy, raising several issues. We affirm.

# Facts and Procedural History

[2] The evidence most favorable to Collins's convictions is as follows. On January 20 of this year, Collins approached Valentina Barron, whom he had previously dated for six to eight months, as she was getting in her car outside her apartment. Collins stood in front of the car so Barron could not leave and then got into the passenger seat. Inside the car, Collins yelled at Barron, "grabbed" her arm and face, pulled her hair, and "punched" her face. Tr. pp. 84, 97. Barron was eventually able to get out of her car, get back into her apartment, and call police.

[3] The State charged Collins with Level 6 felony domestic battery, elevated from a Class A misdemeanor based on Collins having a prior conviction for battery.[1] The trial court scheduled trial for March 5 and ordered Collins not to contact Barron. While Collins was in jail awaiting trial, he sent Barron a letter postmarked February 18, in violation of the no-contact order. The State learned

---

[1] The State also charged Collins with domestic battery by bodily fluid or waste based on Barron's claim that Collins spit on her while they were in the car. Collins was found not guilty on that count at trial.

about the letter on February 24 and the same day moved to add two counts against Collins: Class A misdemeanor invasion of privacy (for violating the no-contact order) and Class A misdemeanor domestic battery (the charge underlying the Level 6 felony charge). The trial court immediately granted the State's motion and directed "the Magistrate" to conduct an initial hearing on the added counts on February 25. Appellant's App. Vol. II p. 45. According to the chronological case summary, no such hearing was held.

[4] Collins did not object to the addition of the new counts or ask for trial to be continued, and a jury trial proceeded as scheduled on March 5. The trial was bifurcated, with the misdemeanor charges to be tried in the first phase and the prior-conviction enhancement to be tried, if necessary, in the second phase. The jury found Collins guilty on the misdemeanor charges. Collins then waived his right to a trial on the prior-conviction enhancement and admitted to having a prior conviction for battery, resulting in a guilty finding for Level 6 felony domestic battery. The trial court "merge[d]" the misdemeanor domestic-battery count with the felony domestic-battery count and entered convictions only for Level 6 felony domestic battery and Class A misdemeanor invasion of privacy. *Id.* at 73. The court imposed a sentence of two years, with one year to serve and one year suspended to probation.

[5] Collins now appeals.

# Discussion and Decision

## I. Sufficiency of Evidence

[6] Collins first contends the evidence is insufficient to support his conviction for Level 6 felony domestic battery. When reviewing sufficiency-of-the-evidence claims, we neither reweigh the evidence nor judge the credibility of witnesses. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). We will only consider the evidence supporting the verdict and any reasonable inferences that can be drawn from the evidence. *Id.* A conviction will be affirmed if there is substantial evidence of probative value to support each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

[7] To convict Collins of Level 6 felony domestic battery, the State had to prove beyond a reasonable doubt that Collins knowingly or intentionally touched a family or household member in a rude, insolent, or angry manner and that he had a previous, unrelated conviction for battery. Ind. Code § 35-42-2-1.3(a)(1), (b)(1)(A); Appellant's App. Vol. II p. 11. Collins does not dispute that Barron was a family or household member or that he had a prior conviction for battery.[2] Nor does he dispute that he touched Barron. He only argues he did not touch her knowingly or intentionally in a rude, insolent, or angry manner.

---

[2] Regarding the "family or household member" element, Collins was not married or related to Barron, and there is no evidence that the two were living together. However, an individual is considered a "family or

In support of his argument, Collins cites two pieces of Barron's testimony. When Barron testified that Collins grabbed her arm, she said, "I don't know if he was grabbing for my keys[.]" Tr. p. 84. Regarding Collins striking her face, Barron had the following exchange with defense counsel:

> Q:    Is he leaning in the seat, how does he, how does he reach you?
>
> A:    Like, I don't know, when he came into the car he was grabbing for something and then when he sat down, I don't know, that's when he got, his hand struck, struck my cheek.
>
> Q:    So you think that he just in getting in the car, trying to get in the car that he brushed against you?
>
> A:    Yeah, I don't think he intentionally went to---

*Id.* at 96-97. There are three problems with Collins's argument. First, to the extent Barron testified Collins accidentally grabbed her arm and struck her face, the jury did not have to accept that part of her testimony. Second, even if Collins did not "intentionally" strike Barron's face, the evidence still supports a conclusion he did so "knowingly," i.e., that he was aware of a high probability he was doing so. *See* Ind. Code § 35-41-2-2(b). Third, and most important, aside from striking Barron's face and grabbing her arm, there is also evidence he

---

household member" of another person if the individual "is dating or has dated the other person." Ind. Code § 35-31.5-2-128(a)(2). Here, it is undisputed Collins and Barron had dated.

grabbed her face and pulled her hair. Collins makes no claim he did those things accidentally. The evidence is more than sufficient to support Collins's conviction.

## II. Double Jeopardy

Next, Collins contends his "conviction" for Class A misdemeanor domestic battery "should be vacated to avoid a double jeopardy violation." Appellant's Br. p. 11. But the trial court did not enter a conviction for Class A misdemeanor domestic battery. After the jury found Collins guilty of that charge, Collins admitted to having a prior conviction for battery, resulting in a guilty finding for Level 6 felony domestic battery. The trial court "merge[d]" the misdemeanor count with the felony count and entered convictions only for Level 6 felony domestic battery and Class A misdemeanor invasion of privacy. The jury's guilty verdict on the charge of Class A misdemeanor domestic battery, without more, does not constitute a "conviction" on that charge. *See Carter v. State*, 750 N.E.2d 778, 781 (Ind. 2001) (explaining that "a jury verdict on which the court did not enter judgment for one reason or another (merger, double jeopardy, etc.) is unproblematic").

## III. Amended Information

Collins also argues the trial court erred by failing to hold a hearing on the State's motion to add the misdemeanor counts and, after granting that motion, failing to hold an initial hearing on the added counts. He acknowledges he did not raise either issue in the trial court, and he did not object to the addition of

the new charges or, after the court allowed the amendment, ask for trial to be continued. This would normally constitute waiver of the issues for appeal. *Ryan v. State*, 9 N.E.3d 663, 667 (Ind. 2014), *reh'g denied*. However, Collins asserts the trial court's failure to hold the hearings was fundamental error. "Fundamental error is an extremely narrow exception to the waiver rule where the defendant faces the heavy burden of showing that the alleged errors are so prejudicial to the defendant's rights as to make a fair trial impossible." *Id.* at 668. To establish fundamental error, the defendant must show that, under the circumstances, the trial judge erred in not sua sponte raising the issue because the alleged error constituted a clearly blatant violation of basic and elementary principles of due process and presented an undeniable and substantial potential for harm. *Id.* In evaluating a claim of fundamental error, our task is to look at the alleged error in the context of all that happened and all relevant information given to the jury—including evidence admitted at trial, closing argument, and jury instructions—to determine whether the alleged error had such an undeniable and substantial effect on the jury's decision that a fair trial was impossible. *Id.*

[11]  While Collins invokes the fundamental-error doctrine, he fails to explain how the lack of hearings made a fair trial impossible. He contends his "substantial rights were affected and resulted in prejudice because the amendment occurred only ten (10) days before trial" and he "did not have a reasonable opportunity to prepare for and defend against the added charges." Appellant's Br. p. 13. However, he offers no specifics. We know he was not prejudiced by the addition of the Class A misdemeanor domestic-battery charge, since that charge

was merely the predicate for the original Level 6 felony charge. Regarding the invasion-of-privacy charge, Collins does not tell us what objection(s) he would have or could have made at either hearing, nor does he tell us what he would have or could have done with more time to prepare for trial on that charge. As such, he has not satisfied his "heavy burden" of establishing fundamental error on these issues.

## IV. Sleeping Juror

During Barron's testimony, the prosecutor noticed a juror was sleeping. The trial court took a break and questioned the juror, who admitted he had missed testimony. The court, with the agreement of the parties, replaced that juror with an alternate juror. Collins now argues his convictions should be reversed because the trial court did not (1) explain to the remaining jurors why the other juror had been excused, (2) "admonish the jury to not speculate as to the cause of the juror's excusal," or (3) question the alternate juror "to determine if he/she was alert and paying attention up to the point of the other juror's dismissal." Appellant's Br. p. 15. He acknowledges he did not ask the trial court to do any of these things but argues the court's failure to do them constituted fundamental error. We disagree.

Collins bases his argument on *Gridley v. State*, 121 N.E.3d 1071 (Ind. Ct. App. 2019), *trans. denied*. There, in holding that the trial court did not abuse its discretion by replacing a sleeping juror, we noted the court "explained to the remaining jurors the reason for the dismissal" and that "the alternate juror was

present and, presumably, awake up to the point of this juror's dismissal[.]" *Id.* at 1076. However, at no point did we hold that a trial court is **required**, any time it replaces a juror, to explain its decision to the remaining jurors or to ask the alternate juror if they had been alert and paying attention.

[14] In any event, to establish fundamental error, Collins must show that the trial court's alleged error "had such an undeniable and substantial effect on the jury's decision that a fair trial was impossible." *Ryan*, 9 N.E.3d at 668. He has not done so. He cites nothing in the record suggesting that the remaining jurors speculated as to the cause of the dismissal, that the alternate juror was not paying attention before being called to service, or that the dismissal otherwise affected the jury's deliberations. Collins has not established fundamental error on this issue.

[15] Affirmed.

Bailey, J., and Weissmann, J., concur.